IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JEROLD LIPSCOMB,** | ) |
| | ) |
| **Plaintiff** | ) |
| v. | )  No. 07 C 5509 |
| | ) |
| **OFFICER KNAPP, OFFICER DALEY,** | ) |
| **OFFICER LAREAU, and OFFICER** | ) |
| **RAPACZ,** | ) |
| **Defendant** | ) |

## ANSWER TO COMPLAINT

**NOW COMES** the Defendant by and through his attorneys, Odelson & Sterk, Ltd. and in response to Plaintiff's Complaint states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. *§* 1983 and 42 U.S.C. *§* 1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on October 10, 2006 by the Defendants.

**ANSWER:** **Defendant Rapacz denies that the Plaintiff has any meritorious claim against him pursuant to the United States Constitution, the Laws of the United States (including 42 U.S.C. § 1983 and §1988), or the Laws of the State of Illinois. Defendant Rapacz denies that the Plaintiff suffered any depravation of his Civil Rights as a result of the Defendant's conduct**.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. 1343, and 28 U.S.C. 1367.

1

**ANSWER:** **Defendant Rapacz does not consent to this Court's jurisdiction.**

3. At all relevant times the Plaintiff was a resident of the State of Illinois in this Judicial District.

**ANSWER:** **Defendant Rapacz lacks sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 3, and on that basis denies same.**

4. At all relevant times the Defendants Officer Knapp, Officer Kaley, Officer Lareau, and Officer Rapacz ("Defendant Officers" hereafter), were employed as police officers and were acting within the course and scope of their employment and under color of law as members of the South Suburban Major Crimes Task Force.

**ANSWER:** **Defendant Rapacz admits that he is employed as a police officer and further admits that he is a member of the South Suburban Major Crimes Task Force. Defendant Rapacz admits that on October 10, 2007, he was acting within the course and scope of his employment and under color of law as a member of the South Suburban Major Crimes Task Force. Defendant Rapacz further admits that Officers Knapp, Daley, and Lareau are police officers and members of the South Suburban Major Crimes Task Force, but is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations contained in Paragraph 4, and on that basis denies same**.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**ANSWER:** **Defendant Rapacz admits that the alleged claims asserted herein occurred within this Judicial District.**

**Facts**

6. On October 10, 2006, the Plaintiff was arrested by the Defendant Officers without a warrant, without provocation and without legal justification.

**ANSWER:** **Defendant Rapacz denies the allegations contained in Paragraph 6 to the extent that those allegations are against him. Defendant Rapacz is without sufficient knowledge or information to form a belief regarding the truth of the allegations to the extent that those allegations are direct against other Defendants, and on that basis denies same.**

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest, The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest. There was no probable cause or legal justification to arrest the Plaintiff.

**ANSWER:** **Defendant Rapacz denies the allegations contained in Paragraph 7.**

8. On the above date the Defendant Officers came to the Plaintiff's home and arrested him. They subsequently transported him to the Riverdale Police Department. On the date of his arrest, while at the Riverdale Police Department the Plaintiff was questioned by the Defendants about a crime he did not commit. The questioning did not concern the matter for which the Plaintiff was arrested. After being questioned the Plaintiff was placed in a holding cell.

**ANSWER:** **Defendant Rapacz admits that the Plaintiff was placed under arrest and was transported to the Riverdale Police Station. Defendant Rapacz further admits that the Plaintiff was questioned about various matters during the course of the investigation. Defendant Rapacz denies the remaining allegations contained in Paragraph 8.**

9. The following day the Plaintiff was again questioned about a crime he did not commit. The questioning did not concern the matter for which the P1aintift was arrested. Following the questioning he was again placed in a holding cell.

3

**ANSWER:** **Defendant Rapacz is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 9, and on that basis denies same.**

10. On the following day the Defendant Officers transported the Plaintiff to a Grand Jury to testify regarding the crime he did not commit. The testimony did not concern the matter for which the Plaintiff was arrested. After testifying before the Grand Jury the Plaintiff was transported back to the Riverdale Police Department. At that time, two days after his initial arrest the Plaintiff was finally charged with a crime. The Defendant Officers thereafter commenced criminal proceedings against the Plaintiff. There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff.

**ANSWER:** **Defendant Rapacz is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 10, and on that basis denies same.**

11. The Plaintiff was brought before a Court regarding the arrest on the third clay following his arrest. The criminal proceedings against the Plaintiff were subsequently dismissed in a manner indicative of innocence.

**ANSWER:** **Defendant Rapacz is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 11, and on that basis denies same.**

12. The Plaintiff sustained injuries due to the Defendant Officers' actions. The Defendant Officers' acts were intentional, willful and wanton.

**ANSWER:** **Defendant Rapacz is without sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 12, and on that basis denies same.**

## Count 1 - 42 U.S.C. §1983
## False Arrest- All Defendants

13. The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those paragraphs herein, as though fully stated as this Paragraph 13.

**ANSWER: Defendant Rapacz restates his answers to Paragraphs 1 through 12 as his answer to this Paragraph 13 as fully set forth above.**

14. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

**ANSWER: Defendant Rapacz denies the allegations contained in Paragraph 14.**

15. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER: Defendant Rapacz denies the allegations contained in Paragraph 15.**

16. The Defendant Officers acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER: Defendant Rapacz denies the allegations contained in Paragraph 16.**

17. As a direct and proximate result of he Defendant officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER: Defendant Rapacz denies the allegations contained in Paragraph 17.**

**WHEREFORE**, Defendant Rapacz denies that the Plaintiff is entitled to judgement against him in any amount whatsoever, and prays that Judgment be entered against the Plaintiff and in favor of Defendant Rapacz and that Defendant Rapacz be awarded his costs and fees and any such other relief as may be appropriate.

## Count II - 42 U.S.C. §1983
## Unlawful Duration of Confinement All Defendants

18. The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated in this Paragraph 18.

**ANSWER:    Defendant Rapacz restates his answers to Paragraphs 1 through 17 as his answer to this Paragraph 18 as fully set forth above**.

19. As described in the pending paragraphs, the Defendant Officers intentionally failed to arrange for a prompt *Gerstein* hearing for the Plaintiff after they arrested him without a warrant. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted an unlawful duration of confinement of the Plaintiff in violation of the United States Constitution.

**ANSWER:    Defendant Rapacz denies the allegations contained in Paragraph 19.**

20. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice and was undertaken intentionally with willful indifference to the Plaintiffs constitutional rights.

**ANSWER:    Defendant Rapacz denies the allegations contained in Paragraph 20.**

21. The Defendant Officers acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:    Defendant Rapacz denies the allegations contained in Paragraph 21.**

22. As a direct arid proximate result of the Defendant Officers acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, far, stress, pain and suffering, and other damages.

**ANSWER:    Defendant Rapacz denies the allegations contained in Paragraph 22.**

**WHEREFORE**, Defendant Rapacz denies that the Plaintiff is entitled to judgement against him in any amount whatsoever, and prays that Judgment be entered against the Plaintiff and in favor of Defendant Rapacz and that Defendant Rapacz be awarded his costs and fees and any such other relief as may be appropriate.

### Count III - State Law
### False Arrest/False Imprisonment All Defendants

23. The Plaintiff realleges Paragraphs I through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

**ANSWER:** **Defendant Rapacz restates his answers to Paragraphs 1 through 22 as his answer to this Paragraph 23 as fully set forth above**.

24. As described above, the Defendant Officers arrested the Plaintiff without a warrant, without probable cause and without legal justification. Due to the arrest, the Plaintiff had his liberty to move about restrained by the Defendants.

**ANSWER:** **Defendant Rapacz denies the allegations contained in Paragraph 24.**

25. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER:** **Defendant Rapacz denies the allegations contained in Paragraph 25.**

26. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering and other damages.

**ANSWER:** **Defendant Rapacz denies the allegations contained in Paragraph 26.**

**WHEREFORE**, Defendant Rapacz denies that the Plaintiff is entitled to judgement against him in any amount whatsoever, and prays that Judgment be entered against the Plaintiff and in favor of Defendant Rapacz and that Defendant Rapacz be awarded his costs and fees and any such other relief as may be appropriate.

### Count IV - State Law
### Malicious Prosecution - All Defendants

27. The Plaintiff realleges Paragraphs 1 through 26, inclusive, and incorporates those Paragraphs herein as though fully stated as this Paragraph 27.

**ANSWER:** **Defendant Rapacz restates his answers to Paragraphs 1 through 26 as his answer to this Paragraph 27 as fully set forth above**.

28. As described above, the Defendant Officers arrested and commenced criminal proceedings against the Plaintiff without probable cause or legal justification. The criminal proceedings were instituted with malice, and were ultimately dismissed in a manner indicative of innocence.

**ANSWER:** **Defendant Rapacz denies the allegations contained in Paragraph 28.**

29. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable with malice and was undertaken intentionally and was willful and wanton.

**ANSWER:** **Defendant Rapacz denies the allegations contained in Paragraph 29.**

30. As a direct and proximate result of the Defendant Officers acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** **Defendant Rapacz denies the allegations contained in Paragraph 30.**

**WHEREFORE**, Defendant Rapacz denies that the Plaintiff is entitled to judgement against him in any amount whatsoever, and prays that Judgment be entered against the Plaintiff and in favor of Defendant Rapacz and that Defendant Rapacz be awarded his costs and fees and any such other relief as may be appropriate.

## AFFIRMATIVE DEFENSES

For his affirmative defenses to Plaintiff's complaint, Defendant Rapacz states as follows:

### FIRST AFFIRMATIVE DEFENSE

Pursuant to Section 2-202 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant Rapacz is not liable for any action relating to the execution or enforcement of any law.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to Section 2-204 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant Rapacz is not liable and is further immunized for acting within the scope of his employment and is further not liable and immunized from the acts and omissions of others.

## THIRD AFFIRMATIVE DEFENSE

The conduct of Defendant Rapacz did not violate clearly established law. He is accordingly entitled to qualified immunity from liability .

> Respectfully submitted,
>
> **OFFICER KEVIN RAPACZ**
>
>     s:/ Michael J. McGrath
> By: One of His Attorneys

Michael J. McGrath
Tiffany A. Nelson
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805