UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LIPSCOMB, | ) |
|   Plaintiff, | ) ) ) |
| v. | ) Case No. 07-cv-5509 ) |
| KNAPP, *et al.,* | ) Mag. Judge Cole ) |
|   Defendants. | ) |

### ANSWER TO AMENDED COMPLAINT

NOW COMES Defendant Michael Cook, by and through his attorney, LISA MADIGAN, Attorney General of Illinois, and for his Answer to Plaintiff's Amended Complaint, states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on October 10, 2006 by the Defendants.

    **ANSWER**: Defendant admits the averments of ¶1.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

    **ANSWER**: Defendant admits the averments of ¶2.

3. At all relevant times the Plaintiff was a resident of the State of Illinois in this Judicial District.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶3.

4. At all relevant times the Defendants, OFFICER KNAPP, OFFICER DALEY, OFFICER LAREAU, OFFICER RAPACZ, and LIEUTENANT COOK ("Defendant Officers" hereafter), were employed as police officers and were acting within the course and scope of their employment and under color of law as members of the SOUTH SUBURBAN MAJOR CRIMES TASK FORCE.

**ANSWER**: Defendant admits the averments of ¶4.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**ANSWER**: Defendant admits the averments of ¶5.

## Facts

6. On October 10, 2006, the Plaintiff was arrested by the Defendant Officers without a warrant, without provocation, and without legal justification.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶6.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest. There was no probable cause or legal justification to arrest the Plaintiff.

**ANSWER**:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶7.

8.  On the above date the Defendant Officers came to the Plaintiffs home and arrested him. They subsequently transported him to the Riverdale Police Department. On the date of his arrest, while at the Riverdale Police Department, the Plaintiff was questioned by the Defendant Officers about a crime he did not commit. The questioning did not concern the matter for which the Plaintiff was arrested. After being questioned the Plaintiff was placed in a holding cell.

**ANSWER**:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶8.

9.  The following day the Plaintiff was again questioned about a crime he did not commit. The questioning did not concern the matter for which the Plaintiff was arrested. Following the questioning he was again placed in a holding cell.

**ANSWER**:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶9.

10.   On the following day the Defendant Officers transported the Plaintiff to a Grand Jury to testify regarding the crime he did not commit. The testimony did not concern the matter for which the Plaintiff was arrested. After testifying before the Grand Jury, the Plaintiff was transported back to the Riverdale Police Department. At that time, two days after his initial arrest, the Plaintiff was finally charged with a crime. The Defendant Officers thereafter commenced criminal proceedings against the Plaintiff. There was no probable cause or legal justification to commence

criminal proceedings against the Plaintiff.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶10.

11. The Plaintiff was brought before a Court regarding the arrest on the third day following his arrest. The criminal proceedings against the Plaintiff were subsequently dismissed in a manner indicative of innocence.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶11.

12. The Plaintiff sustained injuries due to the Defendant Officers' actions. The Defendant Officers' acts were intentional, willful and wanton.

**ANSWER**: Defendant denies the averments of ¶12.

## COUNT I - 42 U.S.C. §1983
## False Arrest - Defendants Knapp, Daley, Lareau, Rapacz

13. The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

**ANSWER**: Defendant realleges his Answers to Paragraphs 1 through 12, inclusive, and incorporates those Answers herein, as though fully stated in this Paragraph 13.

14. As described in the preceding paragraphs the conduct of the Defendants, Knapp, Daley, Lareau and Rapacz, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶14.

15. The misconduct was undertaken by the Defendants, Knapp, Daley, Lareau and Rapacz, under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶15.

16. The Defendants', Knapp, Daley, Lareau and Rapacz, acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶16.

17. As a direct and proximate result of the Defendants', Knapp, Daley, Lareau and Rapacz, acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶17.

## COUNT II - 42 U.S.C. §1983
### Unlawful Duration of Confinement - All Defendants

18. The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

**ANSWER**: Defendant realleges his Answers to Paragraphs 1 through 17, inclusive, and incorporates those Answers herein, as though fully stated in this Paragraph 18.

19.     As described in the preceding paragraphs, the Defendants, Knapp, Daley, Lareau, Rapacz, and Cook ("Defendant Officers" hereafter), intentionally failed to arrange for a prompt Gerstein hearing for the Plaintiff after they arrested him without a warrant. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted an unlawful duration of confinement of the Plaintiff in violation of the United States Constitution.

**ANSWER**:   Defendant denies the averments of ¶19.

20.     The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER**:   Defendant denies the averments of ¶20.

21.     The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER**:   Defendant denies the averments of ¶21.

22.     As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER**:   Defendant denies the averments of ¶22.

### Count III - Illinois State Law
### False Arrest/ False Imprisonment - Defendants Knapp, Daley, Lareau, Rapacz

23.     The Plaintiff realleges Paragraphs 1 through 22, inclusive, and

incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

**ANSWER**: Defendant realleges his Answers to Paragraphs 1 through 22, inclusive, and incorporates those Answers herein, as though fully stated in this Paragraph 23.

24. As described above, the Defendants, Knapp, Daley, Lareau and Rapacz, arrested the Plaintiff without a warrant, without probable cause and without legal justification. Due to the arrest, the Plaintiff had his liberty to move about restrained by the Defendants, Knapp, Daley, Lareau and Rapacz.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶24.

25. The misconduct was undertaken by the Defendants, Knapp, Daley, Lareau and Rapacz, under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶25.

26. As a direct and proximate result of the Defendants', Knapp, Daley, LAREAU and Rapacz, acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶26.

## Count IV - Illinois State Law
## Malicious Prosecution - Defendants Knapp, Daley, Lareau, Rapacz

27. The Plaintiff alleges Paragraphs 1 through 26, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 27.

**ANSWER**: Defendant realleges his Answers to Paragraphs 1 through 12, inclusive, and incorporates those Answers herein, as though fully stated in this Paragraph 27.

28. As described above, the Defendants, Knapp, Daley, Lareau, and Rapacz, arrested and commenced criminal proceedings against the Plaintiff without probable cause of legal justification. The criminal proceedings were instituted with malice, and were ultimately dismissed in a manner indicative of innocence.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶28.

29. The misconduct was undertaken by the Defendants, Knapp, Daley, Lareau, and Rapacz, under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶29.

30. As a direct and proximate result of the Defendants', Knapp, Daley, Lareau, and Rapacz, acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER**: Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of ¶30.

## FIRST AFFIRMATIVE DEFENSE
## QUALIFIED IMMUNITY

1. Defendant is entitled to qualified immunity because Defendant's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known insofar as the time limit for bringing Plaintiff before a judge after his warrantless arrest is a fact specific inquiry and Defendant's action did not violate any specific standard.

## SECOND AFFIRMATIVE DEFENSE
## LACK OF PERSONAL INVOLVEMENT

1. Defendant was not the arresting officer and had no personal involvement in either the arrest or the subsequent events including the timing of when Plaintiff was brought before a judge on the warrantless arrest.

Defendant Cook demands trial by jury.

**LISA MADIGAN**
**Illinois Attorney General**

**Respectfully Submitted:**
**s/JAMES A. LANG**
**IL Bar 06211100**
**Assistant Attorney General**
**General Law Bureau**
**100 W Randolph St, 13th FL**
**Chicago IL  60601**
**Phone:   (312) 814-5694**
**Fax:      (312) 814-4425**
**jlang@atg.state.il.us**

CERTIFICATE OF SERVICE

The above-signed, an attorney of record, hereby certifies that a copy of the foregoing document was served this October 30, 2008, upon the individuals identified below in the manner indicated.

| | |
|---|---|
| BASILEIOS J. FOUTRIS<br>FOUTRIS LAW OFFICE, LTD<br>53 W JACKSON STE 252<br>CHICAGO IL 60604<br><br>VIA CM/ECF | GREGORY E. ROGUS<br>ANASTASIOS T. FOUKAS<br>SEGAL, MCCAMBRIDGE, SINGER &<br>   MAHONEY<br>233 S WACKER DR STE 5500<br>CHICAGO IL 60606<br><br>VIA CM/ECF |
| MARK F. SMOLENS<br>RICHARD L. JONES<br>RICHARD T. RYAN<br>RYAN, SMOLENS & JONES<br>180 N LASALLE ST STE 2302<br>CHICAGO IL 60601<br><br>VIA CM/ECF | MICHAEL J. MEYER<br>WILLIAM B. OBERTS<br>TRIBLER ORPETT & MEYER, P.C.<br>225 W WASHINGTON ST STE 1300<br>CHICAGO IL 60606<br><br>VIA CM/ECF |
| MICHAEL J. HAYES, JR.<br>MICHAEL J. MCGRATH<br>RICHARD F. BRUEN, JR.<br>TIFFANY NELSON<br>ODELSON & STERK, LTD<br>3318 W 95TH ST<br>EVERGREEN PARK IL 60805<br><br>VIA CM/ECF | |