3510-923 GER/ATS:cmc

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEROLD LIPSCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 07 C 5509 |
| ) | |
| OFFICER KNAPP, OFFICER DALEY, ) | |
| OFFICER LAREAU, OFFICER RAPACZ, ) | Magistrate Judge Cole |
| and LIEUTENANT COOK, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT JAMES KNAPP'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FACTS IN RESPONSE TO THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendant James Knapp, through his attorneys, Segal McCambridge Singer & Mahoney, Ltd., hereby responds to Plaintiff's Facts in Response to the Defendants' Motions for Summary Judgment as follows:

1. On October 9, 2006, South Suburban Major Crimes Task Police Officers Knapp, Rapacz, Daley and Lareau went to a single family home located at 16973 Western Avenue in Hazel Crest, Illinois to find a man named Lazeric Lipscomb. (Knapp testimony in 3-14-07 criminal proceeding, attached hereto as Plaintiff's Exhibit (hereinafter "P") 3, p. 4; Daley testimony in 3-19-07 criminal proceeding, attached hereto as P5, p. 5; Defendants' Exhibit (hereinafter "D") 1, p. 22; D2, p. 30-31; D3, p. 28, 30; D4, p. 15, 17-18). They did so in connection with an investigation into the September 27, 2006 murder of Metra Police Officer Tom Cook. (Id.; D5, p. 25). Lazeric Lipscomb never lived in that home. (Robert Lipscomb Deposition, attached hereto as P7, p. 55-56).

**RESPONSE:** Defendant Knapp admits the factual assertion contained in the first and second sentences of Paragraph 1, but denies that either assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for

intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that either assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion. Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the assertion contained in the third sentence, but denies that it is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, and denies that it gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

2. The investigation into the Metra Police Officer's death was an unusual one. (D1, p. 11, 21-22; D5, p. 24). Normally only one Task Force team – either the north team or the south team – would be assigned to investigate a murder. For this case, both teams, as well as numerous other police agencies, were participating in the murder investigation. (Id.).

**RESPONSE:** Defendant Knapp admits the factual assertions contained in Paragraph 2, but denies that any of the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, and denies that any of the assertions gives rise to any general issue of material fact sufficient to defeat Defendant Knapp's motion.

3. Knapp wanted to solve this murder case more than he wanted to solve a typical murder case that he investigated. (D1, p. 46-47).

**RESPONSE:** Defendant Knapp admits that he so testified, but denies that this assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, and denies that it gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

4. The Plaintiff, Jerold Lipscomb, was never a suspect in the Metra police officer murder. (D1, p. 12; D3, p. 27).

**RESPONSE:** Defendant Knapp admits the factual assertion contained in Paragraph 4, but denies that this assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, and denies that it gives rise to any genuine issue of material fact

2

sufficient to defeat Defendant Knapp's motion.

5. Jerold Lipscomb lived at the Western Avenue Hazel Crest home on October 9, 2006 along with Herman Lipscomb, Sr. (his great-grandfather – who was 97 years old at the time of his deposition), Herman Lipscomb, Jr. (his grandfather), Fannie Lipscomb (his grandmother), Robert Lipscomb (his uncle), and Darryl Lipscomb (his brother). (D7, p. 6, 13, 82; D8, p. 6).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the assertion contained in Paragraph 5, but denies that it gives rise to any genuine issue sufficient to defeat Defendant Knapp's motion.

6. On October 9, 2006, while Herman Lipscomb, Sr. was in the backyard with his poodle, 3 police officers approached him. (Herman Lipscomb, Sr., testimony in 3-14-07 criminal proceeding, attached hereto as P4, p. 5-6; D8, p. 11). The three police officers were Knapp, Daley and Lareau. (P3, p. 5; P5, p. 5-7; D1, p. 30; D4, p. 22). The police officers asked Herman, Sr., if the "kid" was inside. (P4, p. 6-7).

**RESPONSE:** Defendant Knapp denies the factual assertions contained in Paragraph 6. When Defendant Knapp entered the backyard, only he and Co-Defendant Daley initially approached Herman Lipscomb. The officers told Herman they were looking for Lazeric. (Knapp Dep., pp.30-33.)

Regardless, Defendant Knapp denies the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

7. Herman, Sr., told the police officers that he would go inside to look. (P4, p. 7; D8, p. 13). The officers told him he could not go inside. (P4, p. 8; D8, p. 13, 15- 16).

**RESPONSE:** Defendant Knapp denies the factual assertions contained in Paragraph 7. When Defendant Knapp explained the Consent to Search form to Herman Lipscomb, he told

3

Herman that Herman would be coming into the house together with the officers. (Knapp Dep., p.36.)

Regardless, Defendant Knapp denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

8. Herman, Sr., asked the police officers if they had a search warrant to enter the home. (P4, p. 8). They stated that they did not, but that they could surround the home and he would be prevented from either entering the home or leaving the home. (Id.).

**RESPONSE:** Defendant Knapp denies the factual assertions contained in Paragraph 8. When the officers asked Mr. Lipscomb for permission to enter the house, Mr. Lipscomb was very cooperative. He signed a written Consent to Search form, and willingly allowed the officers to enter. (Knapp Dep., pp.33-36.)

Regardless, Defendant Knapp denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

9. Herman entered the home from the back door. (P4, p. 8; D8, p. 18-19). He was followed by one officer, while the other two officers went around the house and entered through the front door. (Id.).

4

**RESPONSE:** Defendant Knapp admits the factual assertion contained in the first sentence, but denies the assertion contained in the second sentence of Paragraph 9. All three officers entered the home through the back door. (P3, p.13.)

Regardless, Defendant Knapp denies that either assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

10. Herman, Sr., never gave the police officers permission to enter the home, and the officers never asked him for permission to search the home. (P4, p. 10; D8, p. 40).

**RESPONSE:** Defendant Knapp denies the factual assertions contained in Paragraph 10. Mr. Lipscomb did give permission, and signed a written Consent to Search form. (Knapp Dep., pp.33-36.)

Regardless, Defendant Knapp denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

11. Herman, Sr., stood in the living room while the officers were in the home. (P4, p. 9; D8, p. 21). Lareau and Rapacz stayed in the living room with Herman, Sr., while Knapp and Daley searched the home. (D3, p. 38; D4, p. 36). The search began just as Rapacz entered the front living room, and it lasted for 15-20 minutes. (D3, p. 37-39).

5

**RESPONSE:** Defendant Knapp admits the factual assertion contained in the first sentence of Paragraph 11, but denies the assertions contained in the second and third sentences. Co-Defendant Rapacz did not enter the house. (Knapp Dep., pp.69-70.)

Regardless, Defendant Knapp denies that any of the these assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

12. Eventually Knapp called out to the other officers stating that he had found a gun in one of the bedrooms. (D1, p. 51; D2, p. 67; D3, p. 40). After Knapp called out, Daley and Lareau went towards the bedroom. (D2, p. 71; D4, p. 37-38).

**RESPONSE:** Defendant Knapp admits the factual assertions contained in Paragraph 12, but denies that said assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

13. According to Knapp's handwritten notes regarding the search, Knapp believed that the room with the gun belonged to Lazeric Lipscomb. (D1, p. 57-58).

**RESPONSE:** Defendant Knapp denies the factual assertion contained in Paragraph 13. As Knapp explained, the note meant that the officers were looking for Lazeric Lipscomb, and

Knapp assumed it was his room. (Knapp Dep., p.58.)

Regardless, Defendant Knapp denies that said assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

14. The bedroom that the gun was purportedly located had only one bed in it. (D1, p. 44).

**RESPONSE:** Defendant Knapp denies the factual assertion contained in Paragraph 14. Knapp did not state that there was only one bed, but rather that he only remembered one bed. (Knapp Dep., pp.42-44.)

Regardless, Defendant Knapp denies that said assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

15. The Hazel Crest home had three bedrooms in it. (P7, p. 17). Jerold shared a bedroom with his uncle Robert. (P7, p. 44; D7, p. 47). Their bedroom had two beds. (Id.).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in the Paragraph 15, but denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary

7

judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

16. Approximately 30% of the bedroom where the gun was purportedly found could be seen from the living room. (D4, p. 36-37).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertion contained in Paragraph 16, but denies that it is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

17. As Lareau stood at the doorway of the bedroom, he could see the bed and there was no gun between the mattress and the box spring. (D4, p. 38-39). Lareau never saw any citations or ID laying next to a gun or in between a mattress and a box spring. (D4, p. 45-46). He saw the items on top of a bed. (Id.).

**RESPONSE:** Defendant Knapp denies the factual assertions contained in Paragraph 17 to the extent they are presented out of context. Officer Lareau did not see a gun between the mattress and the box spring because, as he explained, when he first saw the gun, either Knapp or Daley was holding it. (Lareau Dep., p.40.) It was for that same reason that Lareau did not see the citations or ID lying next to the gun. He saw them lying on top of the mattress after the gun was already recovered. (Lareau Dep., p.46.)

8

Regardless, Defendant Knapp denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

18.     Jerold Lipscomb kept his citations and ID inside a drawer in the nightstand that was next to his bed. (D7, p. 50, 104-105). Jerold never placed his citations or his ID in between a mattress and a box spring. (D7, p. 49-50).

**RESPONSE:** Defendant Knapp denies the factual assertions contained in Paragraph 18. Jerold's citations and ID were found underneath the mattress in the bedroom. (Knapp Dep., pp.51-52.)

Regardless, Defendant Knapp denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

19.     Herman, Sr., did not see the gun in the bedroom where it was purportedly found. (P4, p. 9; D8, p. 24, 33). Instead, he saw it after it was brought out by one of the officers in a plastic bag and shown to him. (Id.). Herman had never seen the gun before it was shown to him, and he does not know where the police officers got the gun. (D8, p. 24-25, 32-33). It was not Herman, Sr.'s gun, and he did not know anything about the gun. (P3, p. 16; D8, p. 39-40).

**RESPONSE:** Defendant Knapp denies the factual assertions contained in the first and second sentences, and is without sufficient knowledge or information upon which to admit or

9

deny the remaining assertions contained in Paragraph 19. Co-Defendant Daley and Knapp were holding the mattress when Knapp asked Herman Lipscomb, who was in the doorway, whether he had ever seen the gun before. (Daley Dep., pp.78-80.)

Regardless, Defendant Knapp denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

20. It was not Jerold Lipscomb's gun and he did not know anything about it. (D7, p. 103). He never saw a gun under any mattress in the Hazel Crest home, and never saw a gun anywhere in the home. (D7, p. 19-20, 52). He did not know where the gun came from and he never saw either Darryl Lipscomb or Robert Lipscomb possess a gun. (D7, p. 19, 25, 52, 53).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 20, but denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

21. Neither Robert Lipscomb nor Darryl Lipscomb possessed or owned a gun. (Darryl Lipscomb Deposition, attached hereto as P6, p. 37-38; P7, p. 49). Neither of them held a gun for somebody else at the Hazel Crest home. (Id.). Neither of them ever saw a gun in Jerold Lipscomb's possession (Id.). Neither of them ever saw a gun in the Hazel Crest home. (P6, p.

10

31, 37; P7, p. 49-50).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 21, but denies that any of the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

22. The gun was not owned, possessed, kept or stored in the home by Herman Lipscomb, Jr., or Fannie Lipscomb. (Herman Lipscomb, Jr., Affidavit, attached hereto as P1; Fannie Lipscomb Affidavit, attached hereto as P2). To their knowledge, nobody that lived at the home kept or stored a gun at the home, and neither of them ever saw a gun being kept or stored in the home. (Id.).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 22, but denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

23. After showing him the gun, the officers told Herman, Sr., that he needed to sign a document indicating that they were taking the gun. (P4, p. 10; D8, p. 14, 25). Herman, Sr., did not read the document before he signed it because he is blind in one eye and he has a red streak

in the other eye. (P4, p. 10; D8, p. 40-41).

**RESPONSE:** Defendant Knapp denies the factual assertion contained in the first sentence of Paragraph 23. Mr. Lipscomb signed the Consent to Search form before the officers entered the home. (Knapp Dep., pp.33-36.) Defendant is without sufficient knowledge or information upon which to admit or deny the remaining assertions contained in Paragraph 23.

Regardless, Defendant denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response brief he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff has not asserted any claim for intentional misrepresentation, falsehood, or fraud occurring on October 9, as he now argues in his response brief. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

24. On October 10, 2006 Rapacz and Daley went back to the Hazel Crest home and arrested Jerold Lipscomb. (D2, p. 15, 162; D3, p. 53, 71; D7, p. 22, 25-26). Jerold Lipscomb was transported to the Riverdale Police Department by Rapacz and Daley. (D2, p. 38, 122, 130-131;, D3, p. 65; D7, p. 25-26, 75).

**RESPONSE:** Defendant Knapp admits the factual assertions contained in Paragraph 24, but denies that they give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

25. The decision to arrest Jerold on October 10, 2006 was made by Rapacz and Daley. (D3, p. 72).

**RESPONSE:** Defendant Knapp admits only that Co-Defendant Rapacz testified that the decision to bring Jerold Lipscomb into the station on October 10 was made by Rapacz and Daley. (Rapacz Dep., pp.71-72.) Defendant Knapp denies that this assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

26. Darryl Lipscomb and Robert Lipscomb were also arrested and transported to the

12

Riverdale Police Department on October 10, 2006. (P6, p. 10, 23; P7, p. 26, 32-33; D7, p. 23). Darryl was kept at the Riverdale Police Department for 2 or 3 days before he was released. (P6, p. 28). Both Robert and Darryl were questioned about their knowledge of the Metra murder. (P6, p. 26-28, P7, p. 31, 36). Neither of them was charged with anything. (P6, p. 28; P7, p. 40).

**RESPONSE:** On information and belief, Defendant Knapp admits the factual assertions contained in the first and fourth sentences, but is without sufficient knowledge or information upon which to admit or deny the assertions contained in the second and third sentences. Regardless, Defendant Knapp denies that any of these assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Daryl and Robert Lipscomb are not Plaintiffs in this case. Defendant also denies that any of the assertions gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

27. Jerold arrived at the Riverdale Police Department on October 10, 2006 at 12:00 p.m. (Riverdale Deputy Chief Ryan Deposition, attached hereto as P8, p. 21; D3, p. 71).

**RESPONSE:** On information and belief, Defendant Knapp admits the factual assertion contained in Paragraph 27, but denies that it is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

28. When Jerold Lipscomb was taken to the Riverdale Police Department, he was placed in an interrogation room by Rapacz and Daley. (D7, 25-26; 75, 119). Rapacz and Daley asked the Plaintiff about the Metra police murder, they did not ask him anything about the gun found at the Hazel Crest home. (D7, p. 27-28, 101). He was asked questions unrelated to his detention. (Id., D2, p. 143).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 28.

Regardless, Defendant Knapp denies that any of the assertions are material or relevant to

13

the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

29. Jerold was eventually placed in a holding cell, and, approximately one hour later, the same two police officers that arrested him Rapacz and Daley – took him back to the interrogation room and questioned him about the murder again. (D7, p. 28, 30, 32, 101, 119). Jerold was subsequently taken back to a holding cell. (D7, p. 32).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 29.

Regardless, Defendant Knapp denies that any of the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

30. On October 11, 2006, the same two officers that arrested Jerold – Rapacz and Daley – took him back and forth from the holding cell to the interrogation room. (D7, p. 32-33, 78-79, 119). They continued to ask Jerold about the Metra murder. (D7, p. 101).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 30.

Regardless, Defendant Knapp denies that any of the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of

14

confinement. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

31.     On October 12, 2006, the same two police officers that arrested Jerold – Rapacz and Daley – brought him back in the interrogation room and questioned him again about the Metra murder. (D7, p. 33-34, 101).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 31.

Regardless, Defendant Knapp denies that any of the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

32.     After being questioned on October 12, 2006, Jerold was transported to a Grand Jury to testify about the Metra murder, and then was brought back to the Riverdale Police Department. (D7, 35-36). When he got back to the Police Department, Jerold was processed by one of the arresting officers, and he saw the second arresting officer walking past his cell. (D7, p. 79-80).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 32.

Regardless, Defendant Knapp denies that any of the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

33.     Jerold was finally taken for a bond hearing at the Markham courthouse on October

13, 2006 at 7:00 a.m. (P8, p. 23).

**RESPONSE:** On information and belief, Defendant Knapp admits the factual assertion contained in Paragraph 33, but denies that the assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

34. In October 2006 bond hearings were held at the Markham courthouse every day of the week, including weekends and holidays, at 9:00 a.m. (P8, p. 24-26; D3, p. 76).

**RESPONSE:** On information and belief, Defendant Knapp admits the factual assertion contained in Paragraph 34, but denies that the assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

35. Before Jerold could be taken to a bond hearing, his fingerprints and photograph needed to be taken, and approval of charges by the state's attorneys office was needed. (D3, p. 74, 76).

**RESPONSE:** On information and belief, Defendant Knapp admits the factual assertions contained in Paragraph 35, but denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also

denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

36. In Jerold's case, felony review as well as the processing and paperwork could have been completed within a few hours to a day, and Jerold could have been taken for a bond hearing within 24 hours. (D3, p. 76-77).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon which to admit or deny the factual assertions contained in Paragraph 36, but denies that any of the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

37. The Task Force members decided when or if Jerold would be taken for a bond hearing, when or if Jerold would be questioned, what to charge him with, and whether he would be released. (P8, p. 27-29).

**RESPONSE:** Knapp denies the factual assertions contained in Paragraph 37. Those types of orders came from supervisors or state's attorneys. (Knapp Dep., pp.68-69.) Regardless, Defendant Knapp denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertions give rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

38. Jerold was not free to leave the Riverdale Police Department from the time that he arrived until the time that he was taken for a bond hearing. (P8, p. 22-23, 25).

**RESPONSE:** Defendant Knapp is without sufficient knowledge or information upon

17

which to admit or deny the factual assertion contained in Paragraph 38, but denies that the assertion is material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and since Plaintiff is no longer pursuing any claim against Knapp for unlawful duration of confinement. Defendant also denies that the assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

39. The operational decisions regarding Jerold's arrest could have been made by the squad leaders, the team leaders, or the assistants. (D5, p. 27). Knapp was a supervisor for the Task Force. (D3, p. 45).

**RESPONSE:** Defendant Knapp denies the factual assertions contained in Paragraph 39. Certain decisions were only made by supervisors or state's attorneys. (Knapp Dep., pp.68-69.) Knapp was a team leader, not a supervisor. (Knapp Dep., pp.10-11.) Furthermore, Plaintiff has already asserted that the decision to arrest Jerold Lipscomb was made by Rapacz and Daley. (See Paragraph 25, *supra.*)

Regardless, Defendant denies that the assertions are material or relevant to the issues addressed by Defendant Knapp's summary judgment motion, since Plaintiff has admitted in his response that Knapp was not one of the arresting officers on October 10, and has previously asserted that the decision to arrest was made by Rapacz and Daley. Defendant also denies that the assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

40. The charges filed against Jerold Lipscomb were eventually dismissed. (D6, p. 56). Following a motion to suppress, the criminal court suppressed the gun because he found the police officer's testimony to be "too coincidental". (Assistant State's Attorney Daniel Malone's Official Statement of Facts, attached hereto as P9).

**RESPONSE:** Defendant Knapp admits the factual assertions contained in Paragraph 40, but denies that the assertions are material or relevant to the issues addressed by Defendant

18

Knapp's summary judgment motion, since Plaintiff has admitted in his response brief that he is not pursuing any claim against Knapp for any allegedly unlawful search conducted on October 9, 2006, and since Plaintiff is no longer pursuing any claim against Knapp for malicious prosecution. Defendant also denies that either assertion gives rise to any genuine issue of material fact sufficient to defeat Defendant Knapp's motion.

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

BY: _____/s/ Gregory E. Rogus_____
Attorney for **Defendant Deputy Chief James Knapp**

Gregory E. Rogus (ARDC No. 3128154)
Anastasios T. Foukas (ARDC No. 6281404)
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500
233 South Wacker Drive
Chicago, IL 60606
(312) 645-7800
(312) 645-7711 Fax

1332262_1